UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VANG PAO MOUA,

          Petitioner,

      v.

WARDEN, et al.,

          Respondents.

No. 1:26-cv-02562-TLN-DMC

A# 022-092-386

**ORDER**

This matter is before the Court on Petitioner Vang Pao Moua's ("Petitioner") Petition for Writ of Habeas Corpus.[1]  (ECF No. 1.)  Respondents filed a response.[2]  (ECF No. 6.)  Petitioner filed a reply.[3]  (ECF No. 9.)  For the reasons set forth below, Petitioner's habeas petition is

---

[1]  Along with his Petition for Writ of Habeas Corpus, Petitioner filed a Motion to Appoint Counsel.  As the Court grants the petition, it denies the motion to appoint counsel without prejudice.

[2]  The Court issued a minute order indicating any opposition to the petition shall be filed by April 10, 2026.  (ECF No. 4.)  Instead of filing an opposition, Respondents filed a motion to dismiss.  (ECF No. 7.)  Nonetheless, Court considers arguments raised in Respondents' Motion to Dismiss in evaluating the petition on the merits.

[3]  Along with his reply, Petitioner filed a Notice of Correct Legal Name, requesting that the Court recognize Pao Vang as his correct legal name for purposes of this case, while noting that Vang Pao Moua as an "also known as" name for identification purposes.  (ECF No. 10 at 1.)  As the names "Pao Vang" and "Vang Pao Moua" are included in the exhibits filed with the Court,

1

GRANTED.  (ECF No. 1.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The facts surrounding Petitioner's citizenship are disputed.  (ECF No. 1 at 5; ECF No. 7 at 1.)  Petitioner was admitted to the United States on March 19, 1976, as a legal permanent resident.  (ECF No. 7-1 at 2.)  On July 12, 2000, Petitioner sustained multiple convictions, and based on at least one of those convictions, an immigration judge ordered Petitioner removed from the United States to Laos on September 25, 2019.  (ECF No. 7 at 1.)  On December 10, 2019, immigration authorities released Petitioner from immigration custody on an Order of Supervision ("OSUP").  (*Id.* at 2.)  While under OSUP, Petitioner complied with all the requirements and did not commit any crimes.  (ECF No. 1 at 6.)

On March 16, 2026, Petitioner was detained during a routine check-in with Immigration Customs and Enforcement ("ICE").  (*Id.*)  At the time of his detention, Petitioner was not presented with a travel document or arrest warrant.  (*Id.*)  On March 20, 2026, ICE submitted a request for a travel document to Laos. (ECF No. 7 at 2.)  On April 10, 2026, ICE headquarters received Petitioner's travel document.  (*Id.*)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v.*

the Court recognizes both.

*Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Respondents have the authority to detain noncitizens with final orders of removal to effectuate deportation.  *See* 8 U.S.C. § 1231; *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001).  When a noncitizen has been released from immigration detention, however, certain ICE regulations govern how and when the agency may revoke that release and re-detain the noncitizen.  *See* 8 C.F.R. §§ 241.13(i) ("§241.13(i)") and 241.4(l) ("§241.4(1)") ("ICE Regulations").  These procedures protect important due process rights owed to noncitizens.[4]  *See Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (noting that § 241.13(i) was "promulgated to protect a fundamental right derived from the Constitution").

Section 241.13(i) permits revocation of the release of a noncitizen who has been ordered removed "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  Pursuant to § 241.13(i)(2), the burden is on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future.  *Roble v. Bondi*, No. 25-cv-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025).  The phrase "significant likelihood" requires something more than a mere possibility.  *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *7 (E.D. Cal. Nov. 6, 2025).

Here, ICE has failed to meet its burden to show that Petitioner's revocation of release was proper "on account of changed circumstances."  *See* 8 C.F.R. § 241.13(i)(2).  The Notice of Revocation merely concludes that circumstances have changed for Petitioner because ICE is seeking a travel document to effect Petitioner's removal to Laos.  (ECF No. 7-4 at 1.)

Even if seeking a travel document gave rise to "changed circumstances" sufficient to revoke release, ICE submitted a request for a travel document four days *after* Petitioner's release

---

[4]    It is fundamental that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas*, 533 U.S. at 693 (citing *Plyler v. Doe*, 457 U.S. 202, 210 (1982); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976); *Kwong Hai Chew v. Colding*, 344 U.S. 590, 596–598 & n.5 (1953); *Yick Wo v. Hopkins*, 118 U.S. 356, 369, (1886); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)).

3

was revoked.  It is not possible that the submission of a request for a travel document on March 20, 2026 could possibly be the prerequisite for re-detention on March 16, 2026.  Without any other facts to rely on, this Court must find that there were no changed circumstances in Petitioner's case to warrant the revocation of his release under ICE Regulations.  8 C.F.R. § 241.13(i)(2).  Thus, ICE improperly revoked Petitioner's release in violation of its own regulations and due process.

Accordingly, the Court GRANTS Petitioner's petition for writ of habeas corpus.  (ECF No. 1).

**IV.    CONCLUSION**

IT IS HEREBY ORDERED:

1.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.    Petitioner's Motion to Appoint Counsel (ECF No. 2) is DENIED without prejudice.

3.    Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

4.    Respondents must IMMEDIATELY RELEASE Petitioner Vang Pao Moua [A# 022-092-386] from custody under the same OSUP terms as prior to his current detention.  At the time of release, Respondents must return all of Petitioner's documents and possessions.  Respondents must file a notice certifying compliance with this provision of the Court's Order by **April 30, 2026**.

5.    Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner until Respondents: (1) follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures and (2) allow Petitioner a meaningful opportunity to be heard on his fear-based claims of removal before an immigration judge, *see A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC, 2025 WL 3485219, at *9 (E.D. Cal. Dec. 4, 2025).

6.    The Clerk of Court is directed to serve the **Golden State Annex** with a copy of this Order.

7.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

4

IT IS SO ORDERED.

Date: April 28, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE